UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA A. HAMILTON,

                Plaintiff,

-against-

STEVEN J. BAUM P.C. by PATRICIA EDINSKY, ESQ.; LAW FIRM OF PATRICIA M. ESDINSKY, ESQ.; HSBC BANK USA, NATIONAL ASSOCIATION AND ANY OF IT'S SERVICERS; THOMAS J. TYRRELL JR.; STIENE & ASSOCIATES, P.C.; WELLS FARGO BANK, NATIONAL ASSOCIATION,

                Defendants.

1:19-CV-9118 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Patricia A. Hamilton, of Mount Vernon, New York, appears *pro se* and brings this action under both the Court's federal question and diversity jurisdiction. She sues three law firms, two attorneys, and two banks. In her complaint, she seeks damages as well as injunctive and declaratory relief. She has also filed a motion for a temporary restraining order and for immediate injunctive relief ("TRO motion"). (ECF 2.) By order dated October 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, a *pro se* pleading still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556.) In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *See id.* at 678-79.

**BACKGROUND**

Plaintiff's complaint is difficult to understand. She seeks relief under various federal statutes and under state law.[1] The Court can discern the following allegations from Plaintiff's complaint: As a result of a foreclosure proceeding defendants brought in an unspecified New York State court, that court has foreclosed upon Plaintiff's Mount Vernon home and ordered it sold at an auction. Plaintiff may also be involved in an ongoing state-court eviction proceeding. She originally purchased her home with funds from a mortgage, but she "was never provided a loan." (ECF 1, p. 7.) "The original contract and an accounting of the loan entries [were] never filed in the wrongful foreclosure case that was filed against [P]laintiff's property." (*Id.* p. 8.) Plaintiff does not specify how each of the named defendants violated federal law or injured her.

Plaintiff asserts claims of breach of contract, "scheme to defraud," "detrimental reliance," "unlawful deception in the original foreclosure case," "wrongful foreclosure," slander of title, "slander of credit," "infliction of emotional distress," and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Consumer Protection Act. (*Id.* p. 8-12.) She seeks damages and asks the Court to (1) "[v]oid the foreclosure sale process that started in 2006 [because of] the attorney's fraudulent misconduct mentioned in the claim," (2) declare that "the actions of [the] defendants [were] unfair and deceptive business practices in violation of Federal Laws[] and Federal Security statutes," (3) order "the alleged debt discharged," (4) "award[] fees and costs pursuant to the written loan agreements which bind the defendants," and (5) order

---

[1] Because Plaintiff alleges that she and at least some of the defendants are New York State citizens, the parties are not diverse and, therefore, this Court lacks diversity jurisdiction to consider her state-law claims. *See* 28 U.S.C. § 1332(a)(1). The Court may consider those claims, however, under its supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

"[t]he defendants [to] contact the credit reporting agencies and correct the false information that was reported to them." (*Id.* p. 14-15.)

In her TRO motion, which is also difficult to understand, Plaintiff asks the Court to order "the Banks['] attorneys, the realtors, and the Property Management Companies to cease . . . all foreclosure and eviction efforts until the Court rules on" the motion. (ECF 2, p. 1.) She alleges in her motion that "[t]he attorney failed to provide the original promissory note to verify [that] there was a debt," and failed to "provide the loan accounting entries to prove the amount agreed to be paid and the amount that is paid off." (*Id.* p. 3.) She states that "[t]he foreclosing party cannot and has not laid the proper foundational proof that it ever maintained a secured interest in this particular property." (*Id.*) She also states that "[t]he fact that the borrowers allegedly owed the money [is] not the point." (*Id.*) In her motion, she invokes, among other statutes, the Truth in Lending Act, the Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act. (*Id.* p. 4.) The Court construes Plaintiff's TRO motion as a supplement to Plaintiff's complaint.

## DISCUSSION

A. **The *Rooker-Feldman* doctrine**

The Court must dismiss, under the *Rooker-Feldman* doctrine, Plaintiff's claims in which she asks this Court to review and overturn a final judgment of a New York State court in which that court has ordered the foreclosure and auction sale of her Mount Vernon home. This doctrine – created by two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – generally precludes federal district courts from reviewing final judgments of the state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").[2] The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the federal district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Federal courts dismiss claims under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction. *See Exxon Mobil Corp.*, 544 U.S. at 291-92.

Plaintiff seeks, among other relief, an order from this Court "[v]oid[ing] the foreclosure sale process that started in 2006 . . . ." (ECF 1, p. 14.) She alleges that "[t]he wrongful foreclosure is [v]oid" and that the "[s]tate [c]ourt did not have jurisdiction to rule." (*Id.* p. 3.) Thus, the Court understands Plaintiff's complaint as asking this Court to review and overturn a New York State court's final judgment directing the foreclosure and auction sale of Plaintiff's Mount Vernon home. This is precisely what the *Rooker-Feldman* doctrine precludes this Court from doing. The Court therefore dismisses these claims under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291-92.

---

[2] A federal district court has jurisdiction to consider a *habeas corpus* petition brought by a person in custody pursuant to a state-court judgment in which he or she challenges that judgment. *See* 28 U.S.C. § 2254(a). Otherwise, the only federal court that can review a state-court judgment is the United States Supreme Court. *See* 28 U.S.C. § 1257(a).

**B.     Rule 8 of the Federal Rules of Civil Procedure**

Plaintiff's complaint and its supplement do not comply with the Rule 8 pleading standard because they fail to provide facts sufficient to show that Plaintiff has a plausible claim for relief against the named defendants. Even assuming that Plaintiff's allegations are true, Plaintiff does not give enough detail to show that the defendants are legally responsible for the alleged violations of federal law or the alleged injuries Plaintiff has suffered. *See Iqbal*, 556 U.S. at 678 (a complaint must "allow[] the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged").

Plaintiff alleges that the defendants brought a foreclosure proceeding against her in an unspecified New York State court and that the court has ordered her home foreclosed upon and sold at auction. She also seems to allege that the defendants' purported reason for bringing that proceeding was because she defaulted on her mortgage. (*See* ECF No. 1, p. 13.) But Plaintiff does not state which defendant – if any of them – held the mortgage, who among the defendants brought the foreclosure proceeding, and most importantly, how the defendants violated the law and injured her by seeking foreclosure. She merely alleges that her mortgage debt was illegitimate and that the state court wrongfully decided to foreclose upon her home and order its sale by auction. Thus, Plaintiff's allegations do not state a plausible claim for relief and, therefore, do not satisfy the Rule 8 pleading standard. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citation omitted).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which she alleges sufficient facts to state a claim for relief that satisfies the Rule 8

6

pleading standard. Plaintiff must "nudge[] [her] claims across the line from the conceivable to plausible."[3] *Twombly*, 550 U.S. at 570.

**LEAVE TO AMEND**

The Court grants Plaintiff leave to amend her complaint to detail her claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated her federally protected rights and injured her; *what* facts show that her federally protected rights were violated and that she was injured; *when* such violations and injuries occurred; *where* such

---

[3] Among Plaintiff's allegations are accusations that the defendants defrauded her. Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Plaintiff does not allege with any particularity any of the circumstances about her claims of fraud. If she asserts such claims in her amended complaint, she must comply with both the Rule 8 and Rule 9(b) pleading requirements.

violations and injuries occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Plaintiff must not assert in her amended complaint any claims that the Court has dismissed in this order.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court dismisses, under the *Rooker-Feldman* doctrine, Plaintiff's claims in which Plaintiff asks this Court to review and overturn a final judgment of foreclosure and sale of a New York State court. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-9118 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss the remainder of Plaintiff's claims for failure to state a claim on which relief may be granted.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[4] The Court will not consider Plaintiff's request for a temporary restraining order and for immediate injunctive relief (ECF 2) until after Plaintiff has filed an amended complaint in compliance with this order.

8

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 15, 2019
        New York, New York

                                       COLLEEN McMAHON
                                Chief United States District Judge