UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA A. HAMILTON,<br><br>              Plaintiff,<br><br>     -against-<br><br>STEVEN J. BAUM P.C. by PATRICIA ESDINSKY, ESQ.; LAW FIRM OF PATRICIA M. ESDINSKY, ESQ.; HSBC BANK USA, NATIONAL ASSOCIATION AND ANY OF IT'S SERVICERS; THOMAS J. TYRRELL JR.; STIENE & ASSOCIATES, P.C.; WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>              Defendants. | 1:19-CV-9118 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

On October 31, 2019, Plaintiff, who appears *pro se* and proceeds *in forma pauperis*, filed a motion for a temporary restraining order and for immediate injunctive relief. (ECF 6.) For the reasons set forth below, the Court denies this motion and Plaintiff's previously filed motion in which she seeks the same relief. (ECF 2 & 6.)

## BACKGROUND

By order dated October 15, 2019, the Court dismissed, under the *Rooker-Feldman* doctrine, Plaintiff's claims in which Plaintiff asked the Court to review and overturn a New York State court's final judgment of foreclosure and sale. (*Id.* p. 4-5.) But the Court granted Plaintiff leave to file an amended complaint to allege sufficient facts to state a claim for relief that satisfies the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (*Id.* p. 6-7.)

Plaintiff filed with her original complaint a motion for a temporary restraining order and for immediate injunctive relief ("TRO motion") in which she asked the Court to order "the Banks['] attorneys, the realtors, and the Property Management Companies to cease . . . all

foreclosure and eviction efforts until the Court rules on" the motion. (ECF 2, p. 1.) In its October 15, 2019 order, the Court stated that it would not rule on Plaintiff's TRO motion until after Plaintiff filed an amended complaint in compliance with the order. (*See* ECF 5, p. 8 n.4.)

Plaintiff has not yet filed an amended complaint. But on October 31, 2019, Plaintiff filed a motion that is identical to her previously filed TRO motion ("second TRO motion"). (ECF 6.) Plaintiff has attached a letter to her second TRO motion in which she states the following:

> I intend to amend as per [the Court's] order . . . . However, the eviction case is still in motion and I am pleading that you issue a court ordered stay until this title case is resolved in federal court. I appeared in Mt. Vernon City Court today and was told that I need a court ordered stay in order to grant my request to mute the eviction case until the title dispute is resolved . . . .
>
> . . . .
>
> I kindly ask that you issue this order today so that I can bring it to Mt. Vernon Court today because I have to appear in court again on Nov. 6, 2019 . . . .

(*Id.* p. 11-12.)

## DISCUSSION

To obtain the relief she seeks in both her first and second TRO motions, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's TRO motions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in Plaintiff's favor. This is because, as the Court decided in its October 15, 2019 order: (1) the *Rooker-Feldman* doctrine prevents the Court from granting Plaintiff some of the permanent relief she seeks – this Court's review and overturning of a New York State court's final judgment of foreclosure and sale, and (2) Plaintiff has failed to allege sufficient facts in her original complaint to state a claim for relief that satisfies the Rule 8 pleading requirements. Accordingly, the Court denies Plaintiff's TRO motions.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies both of Plaintiff's motions in which she seeks a temporary restraining order and immediate injunctive relief. (ECF 2 & 6.) The Court warns Plaintiff that it will not consider any future motions in which she seeks the same relief until after Plaintiff has filed an amended complaint in compliance with the Court's October 15, 2019 order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: 11/2/2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

3